JOHN SWEENEY AND HELEN SWEENEY, HIS WIFE, PLAINTIFFS-APPELLANTS, v. ERIC PRUYNE, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 30, 1974—Decided November 25, 1974.

Before Judges CARTON, CRANE and KOLE.

*Messrs. Grabow, Verp, Krulewitz & Finamore,* attorneys for appellants (*Mr. John W. Finamore, Jr.,* of counsel and on the brief).

*Messrs. Vaccaro and Osborne,* attorneys for respondent (*Mr. Robert D. Curran,* of counsel and on the brief).

The opinion of the court was delivered by

CRANE, J. A. D. This is a personal injury automobile negligence case. Plaintiff was injured when his automobile which was stopped in traffic on the Garden State Parkway was struck from the rear by defendant's vehicle. The issues of liability and damages were severed and defendant was found liable in a separate jury trial. A verdict in the sum of $37,500 was returned in favor of plaintiff after the trial on the issue of damages. Defendant moved for a new trial or a *remittitur* based on the allegation that the verdict was excessive. The trial court granted the motion and directed that a new trial be held on the issue of damages unless within 20 days plaintiff should accept a reduced verdict of $20,000. Plaintiff appeals.

The trial court based its ruling on the motion for a new trial on the assumption that the jury had disregarded an instruction not to consider any claim for loss of earnings in excess of $7,000 (the amount defendant claimed was set forth in answers to interrogatories), the opinion of defendant's medical expert that there was no permanent injury and the conclusion that the verdict was excessive.

We have carefully examined the record and find that the trial judge was mistaken in his recollection that a limiting instruction had been given to the jury. Moreover, during the trial, the court permitted the introduction of evidence of loss of income after January 1971, the date on which plaintiff's claim to lost income ceased, according to defendant's interpretation of the answers to interrogatories. When defendant's counsel objected to plaintiff's testimony of income during 1971 and 1972, the judge reviewed the answers to interrogatories and the supplements furnished by letter and concluded that the testimony was properly admissible and that the answers to interrogatories could be used to cross-examine plaintiff as to what plaintiff meant by

them. The transcript of the court's charge contains no instruction to limit consideration of loss of income to $7,000.

While it is true that defendant's medical expert found no permanent injury as a result of the accident, plaintiff's treating physician testified that the condition was permanent, that it would not improve, that plaintiff had reached the maximum medical benefit that could be given to him, that the condition would continue for the rest of plaintiff's life and that it may get worse in time. Plaintiff testified that he could work only two or three days a week. He testified that his income for 1969, the last full year prior to the accident, was $11,800. In 1970, through June, he earned approximately $5,000 and estimated his lost income as between $7,000 and $9,000. Plaintiff further testified that his income for 1971 had been $1800, for 1972 approximately $2,500 and for 1973, until June (the month during which the trial took place), $1100 or $1200. In view of the testimony before the jury, there appears to be no sound basis for the finding that the verdict was excessive.

Ordinarily in evaluating the propriety of the granting or denying of a motion for a new trial the views of the trial judge with respect to the "feel of the case" are entitled to great deference. *Dolson v. Anastasia*, 55 *N. J.* 2 (1969). Where, as here, however, the discretion of the trial judge was affected by a mistaken recollection of what transpired at the trial, no such deference is warranted. Our independent review of the testimony fails to convince us that the verdict amounted to a miscarriage of justice under the law. As we have noted above, the trial judge admitted testimony of plaintiff's claims of financial loss after 1971, overruling defendant's objection that the testimony should have been limited to $7,000. He also admitted medical testimony that plaintiff's injuries were permanent and that plaintiff could only work two or three days a week. The admission of such testimony relating to continuing damages was properly within the sound discretion of the trial

judge and it would not have been proper to limit the jury's consideration of the evidence. *Mazzei v. Nucar Forwarding Co.*, 105 *N. J. L.* 218 (E. & A. 1928).

In passing on the motion for a new trial it was not appropriate for the trial judge to disregard testimony concerning contested issues or to place little value on it simply because he was not impressed by it or because he did not believe it. *Kulbacki v. Sobchinsky*, 38 *N. J.* 435, 445 (1962). If believed, as it apparently was, the testimony was amply sufficient to justify the damage award. Courts will interfere with a verdict on the ground of excessiveness only with reluctance and never except in a clear case. *Hacker v. Statman*, 105 *N. J. Super.* 385, 395 (App. Div. 1969) ; *Budd v. Erie Lackawanna R. R. Co.*, 98 *N. J. Super.* 47, 59 (App. Div. 1967), certif. den. 51 *N. J.* 186 (1968). Even where a trial judge believes that an award appears excessive to him, it does not necessarily follow that a judgment based thereon is the product of mistake, partiality, prejudice or passion. *Cestero v. Ferrara*, 110 *N. J. Super.* 264 (App. Div. 1970), aff'd 57 *N. J.* 497 (1971). In our view, in this case the trial judge unfortunately invaded the province of the jury in evaluating the testimony. *Kaplan v. Haines*, 96 *N. J. Super.* 242, 258–259 (1967), aff'd 51 *N. J.* 404 (1968).

The order granting a new trial is reversed. The matter is remanded with directions that judgment be entered in favor of the plaintiff for the amount of the verdict.

KOLE, J. A. D. (dissenting) My review of this record indicates that although the trial judge gave a reason based on his faulty recollection of his instruction to the jury, basically his determination to award a new trial unless plaintiff agreed to take $20,000 is grounded on his "feel" of the case. The problem is that he did not articulate his reasons for such a substantial reduction in the verdict or why that amount is more consistent with justice than the jury verdict. It is

evident that he believed plaintiff's claim as to the nature and effect of his injuries and the loss of income in his own business to be greatly inflated.

Accordingly, I would remand the matter to the trial court in order to permit it (a) to consider the error it made in deciding the new trial motion with respect to the limiting instruction to the jury, (b) to determine whether, nevertheless, it would order the remittitur, and (c) if so, to state in detail the reasons therefor and the basis justifying the reduction to $20,000. See *Dolson v. Anastasia,* 55 *N. J.* 2 (1969).

I would retain jurisdiction for this purpose.